# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: March 15, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| RICHARD G. DOBLE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-335V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Matthew F. Belanger,* Faraci Lange, LLP, Rochester, NY, for petitioner.
*Traci R. Patton,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 29, 2021, Richard Doble ("petitioner") filed an application for final attorneys' fees and costs. Petitioner's Motion for Final Attorneys' Fees ("Pet. Mot.") (ECF No. 66). For the reasons discussed below, I hereby **GRANT** petitioner's motion and find that a reasonable award for final attorneys' fees and costs is $97,617.65

### I.      Procedural History

On March 5, 2019, petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on October 12, 2016, he suffered lumbosacral radiculoplexus neuropathy.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

On May 10, 2019, respondent filed a status report stating that he had completed the initial review of the case but determined there were medical records outstanding. Respondent's ("Resp.") Status Report (ECF No. 13). I ordered petitioner to file the outstanding medical records on May 13, 2019. Scheduling Order. (ECF No. 14). On February 20, 2020, respondent filed a status report stating that he was not interested in settlement negotiations, sought the opportunity to file the Rule 4(c) Report, and requested outstanding medical records. Resp. Status Report (ECF No. 27). The same day I issued a scheduling order directing petitioner to file the outstanding medical records and respondent to submit the Rule 4(c) report. Scheduling Order. (ECF No. 28).

On March 18, 2020, respondent filed the Rule 4(c) report. Resp. Report. (ECF No. 34). On April 2, 2020, I held an initial status conference and ordered petitioner to consider filing supplemental affidavits, an amended petition, and expert reports. Scheduling Order (ECF No. 36). Petitioner filed a supplemental affidavit from petitioner on June 2, 2020, and affidavits from Robert Lorenzetti, M.D., and Bart Chwalisz, M.D. which also served as expert reports. Pet. Ex. 30; Pet. Ex. 31 (ECF Nos. 40, 43). Dr. Lorenzetti opined that petitioner found no radiographic evidence of either conus medullaris syndrome or cauda equina syndrome. Pet. Ex. 30 at 10. Dr. Chwalisz opined that petitioner suffered from lumbosacral radiculoplexus neuropathy on November 3, 2016, 22 days after the flu vaccination. Pet. Ex. 31 at 15.

On January 18, 2021, respondent filed two expert reports, one by Christopher Gibbons, M.D., and the other by You-Wen He, M.D., Ph.D. Resp. Ex. A; Resp. Ex. C (ECF No. 47). Dr. Gibbons opined that petitioner's diagnoses of lumbosacral radiculoplexus neuropathy is linked to the existing diagnosis of type 2 diabetes and not the flu vaccine in question. Resp. Ex. A. He opined that the disease mechanism for lumbosacral radiculoplexus neuropathy have not been established in this case, and there is no reliable theory to support petitioners' theory. Resp. Ex. C.

On March 10, 2021, I held a Rule 5 status conference and ordered the petitioner to file updated medical records, file a demand to respondent and submit a status report indicating the same had been done. Rule 5 Order (ECF Nos. 49, 50).

On June 30, 2021, respondent requested that the Court enter a 15-week order indicating that the parties had reached a tentative agreement to settle the case. 15-week Stipulation Order (ECF No. 59). On July 20, 2021, respondent filed a stipulation for award. Stipulation (ECF No. 61). The same day I entered a decision on stipulation, awarding petitioner compensation. Decision (ECF No. 62).

On July 29, 2021, petitioner filed the instant motion for final attorneys' fees and costs. Pet Fees App. Petitioner is requesting that his attorney be awarded $87,563.00 in attorneys' fees and $13,942.65 in attorneys' costs. *Id*. at 1.

Respondent filed a response the same day, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and requested "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp. Response at 2-3 (ECF No. 32).

This matter is now ripe for adjudication.

## I. Legal Standard

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In this case, petitioner was awarded compensation, and as such, are entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

## II. Analysis

### a. Attorneys' Fees

Petitioner requests reimbursement for attorneys' fees in the total amount of $87,563.00 for the work performed by his attorney, Mr. Matthew Belanger, and three paralegals for the years 2017-2021. Pet. Ex. A. Mr. Belanger requests a rate of $375.00 per hour irrespective of the year, and that the three paralegals be compensated at $110.00 per hour irrespective of the year. Pet. Ex. A. Mr. Belanger has previously been awarded $350.00 per hour and $100.00 per hour for his paralegals. *See, e.g., Barrett v. Sec'y of Health & Human Servs.*, No. 18-41V, 2019 WL 7557797, at *2 (Fed. Cl. Spec. Mstr. Dec. 13, 2019) (awarding Mr. Belanger $350.00 per hour for work performed in 2019); *Simon v. Sec'y of Health & Human Servs.*, No. 17-1140V, 2019 WL 3933659 (Fed. Cl. Spec. Mstr. July 31, 2019) (same); *Cundra v. Sec'y of Health & Hum. Servs.*, No. 19-267V, 2021 WL 1120979, at *2 (Fed. Cl. Feb. 26, 2021).

The undersigned shall compensate Mr. Belanger's work from 2017-2019 at the previously awarded rate of $350.00 per hour and $100.00 per hour for paralegals. For the years 2020-2021 Mr. Belanger's work shall be compensated at the rate of $375.00 per hour and $110.00 per hour for the three paralegals.

These rates are consistent with what Mr. Belanger has been previously awarded for his work in the Vaccine program, and I find them to be reasonable for the work performed in the instant case. See, e.g., *Barrett v. Sec'y of Health & Human Servs.,* No. 18-41V, 2019 WL 7557797, at *2 (Fed. Cl. Spec. Mstr. Dec. 13, 2019) (awarding Mr. Belanger $350.00 per hour for work performed in 2018 and 2019); *Simon v. Sec'y of Health & Human Servs.,* No. 17-

1140V, 2019 WL 3933659 (Fed. Cl. Spec. Mstr. Jul. 31, 2019) (same); *Hecht, v. Sec'y of Health & Human Servs*, Respondent., No. 19-387V, 2021 WL 3399819, at *2 (Fed. Cl. June 29, 2021).,

Petitioner submitted a report of the contemporaneous time records for Mr. Belanger and the paralegals at 303.9 total hours, but upon review the number is 305.1 total hours. A total of 205.5 hours for Mr. Belanger, and a total of 99.6 hours for the three paralegals. Taking into account the hourly rate reduction, the table below explains the total compensation for attorneys' fees:

|  | Mr. Belanger | Christine Norton | Ann Steinmetz | Melissa Yeager |
|---|---|---|---|---|
| 2017 | 4.3 hours x 350 = $1505 | 0 | 0 | 0 |
| 2018 | 14.5 hours x 350 = $5075 | 0 | 6.2 hours x $100 = $620 | 0 |
| 2019 | 26.3 hours x 350 = $9205 | 6.6 hours x $100 = $660 | 0 | 7.3 hours x $100 = $720 |
| 2020 | 97.5 hours x 375 = $36,562.50 | 4.4 hours x $110 = $484 | 72.3 hours x $110 = $7,953 | 0 |
| 2021 | 61.7 hours x 375 = $23,137.50 | .5 hours x $110 = $55 | 2.3 hours x $110 = $253 | 0 |
| TOTAL Hours | 204.3 | 11.5 | 80.8 | 7.3 |
| Total requested | $76,612.50 | $1,265 | $8,888 | $797.50 |
| TOTAL Comp. | $74,430.00 | $1,199 | $8,826 | $720.00 |

Further, respondent has not identified any particular entries as being objectionable. Therefore, petitioner is entitled to final attorneys' fees of $85,175.00.

b. **Attorneys' costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of attorneys' costs in the amount of $13,942.65. Pet. Fees App. at 1. The majority of petitioner's costs requested are associated with the expenses associated with Dr. Bark K. Chwalisz, M.D., and Dr. Robert J. Lorenzetti, M.D. Pet. Ex. C at 1-3. Dr. Chwalisz is requesting a total of $10,500.00, which includes reviewing petitioner's medical records, review of pertinent medical literature, formation of assessment and discussion of findings. *Id*. at 30, 33. Dr. Chwalisz was petitioner's treating neurologist at Massachusetts General Hospital, and not only is he well qualified, as the treating physician his opinion regarding vaccine causation was especially helpful. I find Dr. Chwalisz's requested rate and the amount requested to be reasonable, as his opinion was helpful in resolving the case.

Dr. Lorenzetti, a radiologist, is requesting a total of $204.17, which includes a radiology consultation. Pet. Ex. C at 26. Dr. Lorenzetti charged a rate of $350 per hour for a total of 35 minutes. *Id*. I find Dr. Lorenzetti's requested rate and the amount requested to be reasonable.

Dr. David S. Younger, a neurologist, is requesting a total of $2,500 for his expert services which included a conference call with Mr. Belanger regarding a case report he had written entitled, *Cervical and Lumbosacral Radiculoplexus Neuropathy Following Influenza*.[3] Pet. Ex. C Tab 9. Dr. Younger required a $1,000.00 retainer and $1,500.00 for his expert services. Pet. Ex. C Tab 9 at 21. Mr. Belanger has indicated to my clerk via email that following the conference Mr. Belanger decided not to use Dr. Younger's expert services and did not submit an expert report because Mr. Belanger did not believe that Dr. Younger was appropriate for this case. Accordingly, the $1,000.00 retainer is a reasonable expense for a consultation on a rare condition, but the $1,500.00 fee for expert services is unreasonable given the fact that Dr. Belanger did not submit an expert report and the consultation was apparently limited to some record review and a telephone consultation with Dr. Younger.

Petitioner also seeks reimbursement of $738.48 for costs including the filing fee, costs of obtaining medical records and postage. These are typical expenses in the vaccine program and are reasonable. Petitioner also has provided detailed invoices for these costs. As such, petitioner is entitled to final attorney's costs of $12,442.65.

### III.     Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is hereby **GRANTED.** I find that petitioner is entitled to a reimbursement of attorneys' fees and costs in the full amount requested.

**Accordingly, I award a lump sum in the amount of $97,617.65, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Matthew F. Belanger.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith. [5]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u><br>
Thomas L. Gowen<br>
Special Master

---

[3] David S. Younger, *Cervical and Lumbosacral Radiculoplexus Neuropathy Following Influenza,* 9 World J. of Neuroscience, 255-261 (2019). [Pet. Ex. C Tab 9].

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advance costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).